**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GREGORY WARD,**
                **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-1111-Orl-19KRS**

**PARKS ELECTRIC CO., INC.,**

                **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 30)** |
| **FILED:** | **February 9, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In their joint motion, the parties represent that they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In his Complaint, Plaintiff Gregory Ward alleged that Defendant Parks Electric Co. failed to pay him overtime compensation. Doc. No. 1. In his answers to the Court's interrogatories, Ward averred that he was owed approximately $29,250.00 in overtime compensation and an equal amount

in liquidated damages. Doc. No. 15-2. In the joint motion, counsel indicate that the case was settled, but they have not provided a copy of the settlement agreement or stated its essential terms.

If the amount Ward will receive in the settlement is less than the amount he claimed to be owed under the FLSA in his answers to the Court's interrogatories, the Court must consider whether the compromise of the amounts paid to Ward was reasonable. If any payment to Ward's attorneys is included in the settlement, and Ward will receive less than his claimed damages, the Court must also consider whether Ward's recovery might have been greater if the payment to the attorneys exceeded a reasonable amount.

Accordingly, to determine whether this proposed settlement is reasonable, counsel for Ward must disclose the extent to which Ward's FLSA claims have, will, or could be compromised by deduction of attorneys' fees, costs, or expenses, whether pursuant to a contract between Ward and counsel or otherwise. Ward must also establish that the attorney's fee awarded to counsel constitutes a reasonable attorney's fee under the FLSA. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[1] *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

A plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[2] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task–records which Ward's counsel has failed to attach to the instant motion. In this regard, Ward's counsel is advised that entries for drafting of boilerplate form documents and filings, non-compensable clerical work, and similar time-consuming entries will be closely scrutinized by the Court.

**Counsel for Ward is reminded that a document preservation order remains in effect as to the time records in this case entered on or before January 5, 2009.** *See Varela v. Innovative Writing Solutions, Inc.*, **Case No. 6:07-cv-165-Orl-28KRS, doc. no. 64 (M.D. Fla. Jan. 5, 2009), which order is incorporated herein by reference. This document preservation order prohibits Wards' counsel, Morgan & Morgan, P.A. and others from changing the time records in any way, including altering the initials of the recorder or timekeeper or the hourly rate or amount. Failure to comply with that order may result in sanctions. See, e.g., Fed. R. Civ. P. 16(f).**

---

[2] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

Accordingly, it is **ORDERED** that on or before February 27, 2009, counsel for Ward shall file:

1. A sworn declaration that

    a. sets forth the calculation used to determine the precise final distribution of settlement funds among Ward's FLSA compensation, liquidated damages (if any), and attorney's fees including costs/expenses, after application of any fee agreement between Ward and Ward's counsel; and

    b. advises the Court whether and to what extent any fee agreement, or other agreement, between Ward and Ward's counsel could decrease Ward's recovery if the Court determines that a reasonable attorney's fee under the FLSA is less than the amount sought by Ward.

2. Evidence establishing that the attorney's fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task.

3. A fully executed copy of the settlement agreement.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE