# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GREGORY WARD,**
      **Plaintiff,**

**-vs-**              **Case No. 6:08-cv-1111-Orl-19KRS**

**PARKS ELECTRIC CO., INC.,**
      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 30)** |
| **FILED:** | **February 9, 2009** |

## I. PROCEDURAL HISTORY.

This case was brought by Plaintiff Gregory Ward as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Ward was the only employee to opt-in to the case, and the case was never certified as a collective action. Ward and Defendant Parks Electric Co., Inc., seek the Court's approval of their settlement.

On February 9, 2009, the parties filed their joint motion for approval of settlement. Doc. No. 30. The Court ordered counsel for Ward to supplement the motion with a sworn declaration concerning the distribution of settlement funds, verified time records, and a fully executed copy of the settlement agreement. Doc. No. 31. Defendant filed the settlement agreement on March 2, 2009, Doc. No. 33, and counsel for Ward, Andrew Frisch, Esq., filed his sworn statement on March 13, 2009,

Doc. No. 36. The motion seeks approval of a settlement of $14,600.00, including attorney's fees and costs. Doc. Nos. 33, 36. As the motion is unopposed, and Attorney Frisch has filed his statement containing an explanation of settlement distribution and time records, it is ripe for consideration.

## II.  APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

### A. Settlement Recovery.

In his answers to interrogatories, Ward averred that he was owed $58,500.00 ($29,250.00 in unpaid overtime compensation, and $29,250.00 in liquidated damages). Doc. No. 15-2 at 1. Ward has agreed to settle his claim for $14,600.00 to be disbursed as follows: $10,100.00 payable to Ward ($5,000.00 in unpaid overtime less applicable taxes and withholdings, $5,000.00 in liquidated damages, and $100.00 as additional consideration for a full release of claims), and $4,500.00 payable to Morgan & Morgan, P.A., for attorney's fees and costs. Doc. Nos. 33 at 1, 36 at 1. Attorney Frisch avers that Ward "is receiving a reduced amount of damages, as compared with his Answers to Court Interrogatories, because there was a significant legal/factual issue regarding the amount of overtime hours worked, based on documentary evidence exchanged through the preliminary discovery in this matter." Doc. No. 36 ¶ 4. Frisch avers that no portion of Ward's recovery is being paid to Ward's counsel. *Id.* ¶ 5.

The parties represent that the instant action involves a bona fide dispute, and that they resolved the matter to avoid the cost and time of litigating the issues, as well as the risks associated with litigation. Doc. No. 30 at 2. They assert they were represented by counsel throughout the litigation and that they agreed to the terms of the settlement after being counseled by their respective attorneys. *Id.* Their settlement agreement reflects that the agreement was voluntarily entered into by the parties. Doc. No. 33 at 5.

Because Ward will receive less than the amount he claimed to be owed under the FLSA, he has compromised his FLSA claim. Therefore, the Court must separately consider whether the compromise of the amount paid to Ward and the payment to his attorney were reasonable.

B.    *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

The settlement agreement in this case provides for a payment of $4,500.00 to Attorney Frisch for attorney's fees and costs. According to Frisch's affidavit and the time sheets attached thereto, Attorney Frisch expended 14.6 hours in this case at a rate of $300.00 per hour, and Paralegal Marina Vaysman expended 4.7 hours at a rate of $95.00 per hour, totaling $4,826.50 in attorney's fees. Doc. Nos. 36, 36-2.

    1.    <u>Hourly Rate.</u>

Attorney Frisch has been practicing law since 2001. Doc. No. 36 ¶ 9. He avers that a reasonable hourly rate for his services is $300.00 or more per hour. *Id.* ¶ 8. In support of this hourly rate, Frisch submitted a Report and Recommendation entered by a judge in the Southern District of Florida awarding him $275.00 per hour in an FLSA case. *Id.* ¶ 12; Doc. No. 36-3. This is less than the hourly rate Frisch seeks. I also note that the prevailing hourly rate for attorneys in south Florida generally are higher than the prevailing hourly rate for attorneys in central Florida.

The Court has the benefit of the assessment of other judges in this District regarding the reasonable hourly rate for lawyers of similar experience in other FLSA cases. In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL

3072262, at *3 (M.D. Fla. Oct. 19, 2007). Recently, I and another judge in the Middle District of Florida found that a reasonable rate for Frisch's work in an FLSA case resolved by settlement was $250.00 per hour. *See Fischer v. Terraserv, Inc.*, Case No. 6:08-cv-87-Orl-31KRS (M.D. Fla. Mar. 11, 2009) (Report and Recommendation of Spaulding, M.J.); *Fischer v. Taylor Morrison Serv., Inc.*, No. 8:08-cv-865-T-30TBM, 2008 WL 4790520, at *2 (M.D. Fla. Oct. 30, 2008). Absent evidence to support a higher hourly rate, I conclude that $250.00 is a reasonable hourly rate for Frisch's work in this case.

Frisch also seeks $95.00 per hour for Paralegal Marina Vaysman, who has approximately two years of paralegal experience. Doc. No. 36 ¶¶ 14, 15. Frisch submits no evidence as to the reasonableness of this rate. The Court has previously found the reasonable rate for another paralegal at Frisch's firm with nearly nine years of experience to be $50.00 per hour. *See Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla. Jul. 9, 2008). Absent evidence to support a higher hourly rate, I conclude that $50.00 is a reasonable hourly rate for Vaysman's work in this case.

### 2. Reasonable Number of Hours.

Attorney Frisch avers that he expended 14.6 hours of attorney time on the case. The hours Frisch worked are reasonable, in the absence of objection.

Attorney Frisch also avers that Paralegal Vaysman expended 4.7 hours of paralegal time in this case. Having reviewed the time sheets, I find that the 4.7 hours Frisch has claimed for paralegal work represents noncompensable clerical work. For example, most of the entries for Vaysman consist of receiving and printing documents. In addition, Vaysman transmitted documents to the client and had telephone conferences with opposing counsel's assistant to schedule conferences. Further, Vaysman

drafted a certificate of interested persons and notice of pendency of other cases, which are standard forms issued by the Court. The certificate of interested persons required Vaysman to type in the names of the parties and the lawyers, and the notice of pendency required her to check a selection. Vaysman also drafted several joint reports regarding settlement which again required her to check a selection. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Absent evidence that any of the work Vaysman performed was more than clerical in nature, I find that none of her work was reasonable. Accordingly, I recommend the Court deduct all of the paralegal time entries.

    3.    Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Professional | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Andrew Frisch | $250.00 | 14.60 | $3,650.00 |
| Marina Vaysman | $50.00 | 0.00 | $0.00 |
| **TOTAL** | | | **$3,650.00** |

    4.    Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs-other than attorney's fees-should be allowed to the prevailing party." A district court may not award costs in excess of those permitted by 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). In exercising its discretion to award costs allowed by § 1920, a district court must identify the

reasons for denying some or all costs to a prevailing party. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). The following are the allowable costs as set forth in 28 U.S.C. § 1920:

    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under 28 U.S.C. § 1923;
    (6) Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Attorney Frisch avers that expenses in the amount of $445.49 were incurred in this case. Doc. No. 36 ¶ 18. The cost ledger reflects the following expenses: (1) $350.00 filing fee, (2) $46.00 service of process fee, and (3) $49.49 travel expenses. Doc. No. 36-4.

"Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assoc.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005). Travel expenses, however, are not compensable under § 1920. *See Scelta*, 203 F. Supp. 2d at 1339 (citing *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1546 (S.D. Fla. 1991)). Accordingly, there are only $396.00 in taxable costs.

The reasonable attorney's fees and costs total $4,046.00, which is less than the attorney's fees and costs provided for under the settlement agreement. As such, the Court cannot conclude that the amount Ward received under the settlement was not improperly reduced by the request for excessive attorney's fees and costs.

C. *Fairness Finding.*

Ward has compromised his FLSA claim, and the reasonable fees and costs determined by the Court are less than the amount Attorney Frisch would recover in the settlement. The Court cannot determine if Ward would have received the difference between the reasonable attorney's fees and costs and the amount of attorney's fees and costs payable under the settlement.

Under these circumstances, I recommend that the Court find that the settlement agreement is not fair. Alternatively, the Court may restructure the settlement agreement, by requiring that $10,554.00 be paid to Ward[2] and, only thereafter, that $4,046.00 be paid to Frisch, with the proviso that if any party objects to the reallocation the settlement agreement will be rejected and the case will proceed. *See Smalbein v. City of Daytona Beach*, 353 F.3d 901, 912 (11th Cir. 2003) (Carnes, J., concurring).

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the settlement agreement. *See* Doc. No. 33 ¶ 10. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

---

[2] This is a reallocation of the $454.00 in excess of the reasonable attorney's fees and costs to Ward.

-9-

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court find that the settlement agreement is not fair and **DENY** the motion.

Alternatively, I recommend that the Court restructure the settlement agreement to require payment of $10,554.00 to Ward and payment of $4,046.00 to Frisch. I further recommend that the parties advise the Court within the time for objection to this Report and Recommendation whether they request that the Court restructure the settlement agreement in this manner or, if not, find the settlement agreement is not fair.

If the Court finds the settlement agreement fair, I further recommend that the Court:

    a.    **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

    b.    **PROHIBIT** counsel for Ward from withholding any portion of the $10,554.00 payable to Ward under the settlement agreement;

    c.    **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file; and

    d.    **ORDER** counsel for Ward to provide a copy of the Court's Order to Ward.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 9, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE