# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GREGORY WARD,**

        **Plaintiff,**

**-vs-**                                                                    **Case No. 6:08-cv-1111-Orl-19KRS**

**PARKS ELECTRIC CO., INC.,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Joint Motion for Approval of Settlement and Supporting Memorandum of Law by Plaintiff Gregory Ward and Defendant Parks Electric Co., Inc. (Doc. No. 30, filed Feb. 9, 2009);

2. Order to File Evidence in Support of the Joint Motion for Approval of Settlement by the United States Magistrate Judge (Doc. No. 31, filed Feb. 19, 2009);

3. Notice of Filing Settlement Agreement in Support of the Parties' Joint Motion for Approval of Settlement by Defendant (Doc. No. 33, filed Mar. 2, 2009);

4. Affidavit of Plaintiff's Attorney Andrew Frisch in Support of Joint Motion for Approval of Settlement (Doc. No. 36, filed Mar. 13, 2009);

5. Report and Recommendation of the United States Magistrate Judge to Deny the Joint Motion for Approval of Settlement (Doc. No. 37, filed Apr. 9, 2009);

6. Objection and Response to the Report and Recommendation Dated April 9, 2009 and Incorporated Memorandum of Law by Plaintiff (Doc. No. 38, filed Apr. 16, 2009); and

7. Joint Notice to the Court Regarding Confidentiality in Response to the Report and Recommendation by Plaintiff and Defendant (Doc. No. 39, filed Apr. 23, 2009).

**Background**

Plaintiff Gregory Ward brought this case against his employer, Defendant Parks Electric Co., Inc., for payment of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1), 215(a)(2) (2006). (Doc. No. 1, filed July 10, 2008.) In his Verified Answers to the Court's Interrogatories, Plaintiff claimed that he was owed $29,250.00 in overtime wages, plus an additional $29,250.00 in liquidated damages, totaling $58,500.00. (Doc. No. 15-2 at 1, filed Aug. 27, 2008.) He also sought reasonable attorneys' fees and costs. (*Id.*) Defendant admitted that Plaintiff had occasionally worked in excess of forty hours in a single week but maintained that it had paid Plaintiff at the requisite overtime rate for those hours. (Doc. No. 8 at 2, filed Aug. 8, 2009; Doc. No. 16 at 5-13, filed Sept. 11, 2008.) Accordingly, Defendant denied that Plaintiff was entitled to any recovery under the FLSA. (Doc. No. 8 at 3.)

A little over five months after the filing of the Complaint and prior to the entry of a Case Management Report, the parties informed the Court that they had reached a settlement. (Doc. No. 26, filed Dec. 23, 2008.) The parties jointly filed a Motion to Approve the Settlement but neglected to attach the settlement agreement or any evidence demonstrating the fairness of their settlement. (Doc. No. 30, filed Feb. 9, 2009.) The United States Magistrate Judge entered an Order directing Plaintiff's counsel to file the following in the record:

1. A sworn declaration that

   a. sets forth the calculation used to determine the precise final distribution of settlement funds among Ward's FLSA compensation, liquidated damages (if any), and attorney's fees including costs/expenses, after application of any fee agreement between Ward and Ward's counsel; and

   b. advises the Court whether and to what extent any fee agreement, or other agreement, between Ward and Ward's counsel could decrease Ward's recovery if the Court determines that a reasonable attorney's fee under the FLSA is less than the amount sought by Ward.

2. Evidence establishing that the attorney's fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task.

3. A fully executed copy of the settlement agreement.

(Doc. No. 31 at 4.)

The parties jointly filed a copy of the Settlement Agreement in the record as directed by the Magistrate. (Doc. No. 33.) The Settlement provided for recovery in the amount of $5,000.00 for the alleged unpaid overtime wages; $5,000.00 for liquidated damages, $100.00 for a general release of claims, and $4,500.00 for attorneys' fees and costs. (*Id.* at 3.) This resulted in a total recovery of $14,600.00, with Plaintiff receiving $10,100.00 and Plaintiff's counsel receiving $4,500.00. (*Id.*) To support the reasonableness of the attorneys' fees provision in the Settlement, Plaintiff's counsel Andrew R. Frisch filed an Affidavit as well as his time sheets, cost ledger, and a copy of an Order from the Southern District of Florida in which a judge awarded him attorneys' fees at a rate of $275.00 per hour in an FLSA case. (Doc. No. 36.)

Upon consideration of these materials filed in support of the Joint Motion for Approval of Settlement, the Magistrate recommended that the Court decline to approve the Settlement because it is an unfair resolution of the dispute. (Doc. No. 37 at 10.) First, the Magistrate determined that the hourly rate of $300.00 sought by Plaintiff's counsel was excessive and concluded that a rate of $250.00 per hour was reasonable. (*Id.* at 6.) Similarly, the Magistrate rejected the $95.00 hourly rate for paralegal work and found that a rate of $50.00 per hour was reasonable. (*Id.*) With regards to the hours worked, the Magistrate found that, absent objection, the 14.6 hours of attorney time spent on the case was reasonable. (*Id.*) In contrast, the Magistrate determined that the 4.7 hours of claimed paralegal work instead involved noncompensable clerical work. (*Id.* at 6-7.) Finally, the Magistrate noted that Plaintiff's counsel sought reimbursement for travel expenses which are not compensable costs under 28 U.S.C. § 1920; therefore, only $396.00 of the claimed $445.49 in costs was appropriate. (*Id.* at 8.) Based on these determinations, the Magistrate recommended that this Court reject the Settlement Agreement as providing for unreasonable attorney's fees or, in the alternative, recommended "that the Court restructure the settlement agreement to require payment of $10,554.00 to Ward and payment of $4,046.00 to Frisch." (*Id.* at 9-10.) This reflected a reallocation of $454.00 in excessive attorney's fees and costs from Plaintiff's counsel to Plaintiff. (*Id.* at 9 n.2.) The Magistrate did not otherwise discuss the reasonableness of the compromise of Plaintiff's FLSA substantive claims.

In addition, the Magistrate observed that "the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the settlement agreement." (*Id.* at 9.) The Magistrate continued,

"Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it." (*Id.*)

Plaintiff filed an Objection to the Report and Recommendation, arguing that: (1) an hourly rate of $250.00 for Plaintiff's counsel is inadequate, and (2) the Court lacks the power to alter the agreed-upon terms of the settlement agreement. (Doc. No. 38 at 1-2.) The parties jointly filed a Notice explaining that they did not seek entry of an Order of Confidentiality. (Doc. No. 39 at 2.) Rather, they clarified, the provision in the Settlement Agreement concerning confidentiality "is intended to limit the parties' discussion of this agreement and the circumstances giving rise to it only." (*Id.*) Besides the Joint Notice, Defendant did not file any response to the Magistrate's Recommendations.

**Standard of Review**

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)).

Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* Local Rule 6.02.

**Analysis**

Plaintiff has not raised any arguments contesting the Magistrate's recommendation not to permit compensation for attorney travel time or for clerical work performed by the paralegal. Therefore, these findings are adopted and affirmed without objection.

Plaintiff does, however, object to the Magistrate Judge's recommendation that the settlement be rejected or alternatively modified to reduce the amount allocated as attorney's fees and costs. The Objection raises two issues: first, whether the amount provided in the Settlement Agreement for attorney's fees is reasonable; and secondly, whether the Court has the power to modify or restructure the Settlement if it determines that the fees are unreasonably excessive.

**I. Reasonableness of Attorneys' Fees**

To encourage private enforcement of statutory rights under the FLSA, Congress created a fee-shifting provision in the Act which states: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should

utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298-99 (11th Cir. 1988) (citing cases).

Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation." *Id.* The burden to prove a reasonable hourly rate is not a light one, as explained by the Eleventh Circuit:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.* It should also be noted that in line with the goal of obtaining *objectivity*, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through *direct evidence of charges by lawyers under similar circumstances or by opinion evidence*. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.
>
> * * *
>
> No two lawyers possess the same skills, and no lawyer always performs at the same level of skill. Accordingly, [t]he parties ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar.

*Id.* at 1299-1300 (citations omitted, emphasis added). "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (quoting *Hensley*, 461 U.S. at 434, 437). Therefore, "a lawyer may not be compensated for hours spend on activities for which he would not bill a client

of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in similar cost benefit analysis." *Id.*

When determining a reasonable amount for attorney's fees, the judge is considered an expert on the matter. *Id.* at 1303. A judge may utilize his or her own knowledge and experience and "may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). If the applicant fails to provide adequate evidence to support a claim for attorney's fees, the court has "the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.* (citations omitted). Therefore, "no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account." *Id.* A court may determine the appropriate amount "based solely on affidavits in the record" and may take judicial notice of prevailing market rates so long as both parties are given an opportunity to be heard on the matter if so requested. *Id.* at 1303-04.

In the instant case, the Magistrate rejected the contention of Plaintiff's counsel that a reasonable hourly rate for his services was $300.00. (Doc. No. 37 at 5-6.) Instead, based on the Magistrate's personal experience and the decisions of other judges in the District, the Magistrate determined that a reasonable hourly rate was $250.00. (*Id.*) The Magistrate's decision was based in part on the lack of objective evidence in the record to support counsel's claim for a rate of $300.00 per hour. (*See* Doc. No. 36.) Plaintiff's counsel filed an affidavit in the record describing his legal training and experience. (*Id.*) According to the affidavit, Plaintiff's counsel: (1) has been practicing law since 2001, (2) previously managed the wage and hour division of a West Palm Beach firm for over a year prior to joining Morgan & Morgan, (3) has successfully handled hundreds of

FLSA cases, (4) has published multiple articles on wage and hour law, and (5) has lectured on wage and hour law on multiple occasions over the last two years. (*Id.* at 2.) Therefore, he avers, "A reasonable hourly rate for my services is $300.00 or more." (*Id.*) While counsel's experience is helpful in assessing a reasonable hourly rate, his personal opinion concerning this rate is merely subjective and does not constitute objective evidence of the prevailing market rate. *Norman*, 836 F.2d at 1299.

The one piece of objective evidence that Plaintiff's counsel does offer is the report and recommendation of a magistrate judge in the Southern District of Florida. (Doc. No. 36-3.) This magistrate approved as reasonable an hourly rate of $275.00 for attorney Frisch in an FLSA case. (*Id.* at 10.) The rate approved by the magistrate in Miami is of course less than the $300.00 rate that Frisch seeks in the instant case. In addition, as noted by the Magistrate, the prevailing hourly rate for attorneys in south Florida, particularly in Miami, is higher than the prevailing hourly rate for attorneys in central Florida. (Doc. No. 37 at 5.) Therefore, Frisch has failed to offer any objective evidence on the prevailing market rate for similarly situated attorneys in the Middle District of Florida.

Prior to ruling on the Joint Motion to Approve Settlement, the Magistrate gave notice that any attorney's fees provision in the settlement agreement must be supported by competent evidence demonstrating the reasonableness of the amount so allocated. (Doc. No. 31 at 2-4.) The Magistrate gave Plaintiff additional time to file such evidence, quoted the applicable evidentiary standard set forth by the Eleventh Circuit in *Norman*, and cited as an example an expert witness declaration in another Middle District case which provided objective evidentiary support for the fees requested in that case. (*Id.* at 2-3 & n.2 (citing *Banner Group Corp. v. United States*, No. 6:06-cv-706-Orl-

22KRS (Doc. No. 113-10, filed May 23, 2008)).) Despite being given ample notice and opportunity to provide evidence to support his claim for an hourly rate of $300.00, Plaintiff's counsel failed to provide any objective support. In a case involving a similar defect, where two of the plaintiff's attorneys provided inadequate evidentiary submissions to support their requested hourly rates of $300.00, this Court approved the magistrate judge's reduction of the hourly rates to $150.00 for one attorney and $160.00 for the other. *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-19GRJ, 2009 WL 111678, at *3-*4 (M.D. Fla. Jan. 15, 2009). The same result is appropriate here. Due to the inadequacy of the submissions by Plaintiff's counsel, the Court approves, adopts, and affirms the Magistrate's determination that a reasonable hourly rate for Plaintiff's counsel in this case is $250.00.

## II.  Appropriate Treatment of the Settlement Agreement

Having determined the reasonable hourly rate for Plaintiff's counsel, the Court must decide how to handle the settlement agreement which purports to provide attorney's fees at a higher hourly rate. In the Eleventh Circuit, it is mandatory for a court to review a compromised settlement of a plaintiff's FLSA claims, including any provision for attorney's fees, to ensure that the agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (citations omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has stated:

> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. [The] FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable

> after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

*Silva*, 307 F. App'x at 351-52 (citations omitted); *accord United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d 495, 504 (6th Cir. 1984).

If a court concludes that an attorney's fee provision in a settlement agreement is too high, the relevant question is whether the court may order restructuring of the agreement to reduce the fees amount. The Eleventh Circuit has found in an unpublished opinion that a district court may invalidate any agreement between a plaintiff and his or her attorney that provides for an unreasonable attorney's fee in an FLSA case. *Silva*, 307 F. App'x at 350, 352. The Court has not specifically addressed, however, a situation in which the settlement agreement sets forth the amount allocated for attorney's fees.

The case law is somewhat thin when it comes to appellate review of district court decisions concerning the settlement of FLSA cases. Therefore, the Court looks to an analogous area of the law: the mandatory review of class action settlements for fairness under Federal Rule of Civil Procedure 23(e) (stating that a court may approve a settlement that binds class members only "on finding that it is fair, reasonable, and adequate"). In this context, the general rule is that "the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986). Thus, "[c]ourts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983) (citations omitted). As emphasized by the Eleventh Circuit, "We are not free to delete, modify or substitute certain provisions of the settlement. The settlement must stand or fall as a whole." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119-20 (11th Cir. 1995) (quoting

-11-

*Cotton v. Hinton*, 559 F.2d 1326, 1331-32 (5th Cir. 1977)). In a case decided by the former Fifth Circuit Court of Appeals,[1] the appellate court reviewed a case in which the district court refused to approve a settlement which provided for excessive attorneys' fees. *Foster v. Boise-Cascade, Inc.*, 577 F.2d 335, 336 (5th Cir. 1978). The court stated:

> The District Judge held that although the parties had agreed to the settlement the Court had a duty to inquire into the reasonableness of the attorneys' fees. Upon his analysis of the law and the facts he found that a reasonable fee would be $8,231.25. He declined to approve the settlement unless the fee was reduced accordingly.

*Id.* The court affirmed the district judge's decision, finding that the judge "was not bound by the agreement of the parties as to the amount of attorney fees." *Id.*

Regarding the scope of its power to approve or reject settlements for fairness, this Court can discern no reasonable basis to treat differently the scope of its authority to review FLSA settlements from the scope of its authority to review class settlements. Therefore, because the Court may not modify or restructure a class settlement, the Court also may not modify or restructure an FLSA settlement absent consent of the parties. It must accept or reject the agreement as a whole. In the instant case, the settlement agreement provides for unreasonably excessive attorney's fees. Pursuant to its obligations under *Lynn's Food Stores, Inc.*, the Court cannot approve the settlement.

**Conclusion**

Based on the foregoing, the Objection and Response to the Report and Recommendation Dated April 9, 2009 and Incorporated Memorandum of Law by Plaintiff, (Doc. No. 38, filed Apr. 16, 2009), is **OVERRULED**; the Report and Recommendation of the United States Magistrate

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Judge to Deny the Joint Motion for Approval of Settlement, (Doc. No. 37, filed Apr. 9, 2009), is **APPROVED**, **ADOPTED**, and **AFFIRMED**; and the Joint Motion for Approval of Settlement and Supporting Memorandum of Law by Plaintiff Gregory Ward and Defendant Parks Electric Co., Inc. (Doc. No. 30, filed Feb. 9, 2009) is **DENIED**. If the parties are amenable to voluntarily restructuring the agreement in the manner described by the Magistrate, they may file a new settlement agreement in the record on or before **Friday, June 26, 2009**. *See Rodriguez v. Fuji Sushi, Inc.*, No. 6:08-cv-1869-Orl-22KRS, 2009 WL 1456444, at *5 (M.D. Fla. May 22, 2009) (ordering similar relief in an FLSA case which raised an identical issue of excessive attorneys' fees in the settlement agreement). No attorney's fees in excess of the amount deemed reasonable by the Magistrate, however, will be permitted in this case by private agreement or otherwise.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 15, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record